UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 21-2171 FMO (Ex) | Date | April 19, 2021 |
|---|---|---|---|
| Title | Brink Biologics, Inc. v. Sanofi S.A., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):     Attorney Present for Defendant(s):

None Present     None Present

**Proceedings:**     (In Chambers) Order Remanding Action

     On January 19, 2021, plaintiff Brink Biologics, Inc. ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Sanofi S.A., Sanofi-Aventis US LLC ("Sanofi US"), and Sanofi-Aventis Recherche & Developpement S.A. (collectively, "defendants"), asserting claims for breach of contract, declaratory relief, restitution for unjust enrichment, and violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq. (See Dkt. 1, Notice of Removal ("NOR") at 1); (Dkt. 1-2, Exh. 1, Complaint at ¶¶ 52-85). On March 10, 2021, Sanofi US removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Dkt. 1, NOR at 2). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

     In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not

---

     [1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014). Here, plaintiff does not assert class allegations. (See, generally, Dkt. 1-2, Exh. 1, Complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 21-2171 FMO (Ex) | Date | April 19, 2021 |
|---|---|---|---|
| Title | Brink Biologics, Inc. v. Sanofi S.A., et al. | | |

be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2] Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).[3] Here, there is no basis for diversity jurisdiction because complete diversity does not exist between the opposing parties.

Plaintiff appears to be a citizen of California and Delaware, (see Dkt. 1, NOR at 4), and Sanofi US is a citizen of Delaware.[4] (See id.). However, "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the [non-diverse] defendant is obvious according to the applicable state law."). A defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); Mireles v. Wells Fargo Bank, N.A.,

---

[2] Sanofi US seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

[3] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

[4] The other defendants, Sanofi S.A. and Sanofi-Aventis Recherche & Developpement S.A., are both citizens of France. (See Dkt. 1, NOR at 4 & n. 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 21-2171 FMO (Ex) | Date | April 19, 2021 |
|---|---|---|---|
| Title | Brink Biologics, Inc. v. Sanofi S.A., et al. | | |

845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (emphasis in original).  Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder."  Grancare, 889 F.3d at 548 (internal quotation marks omitted).

Here, Sanofi US contends that plaintiff cannot state its contractual causes of action against it because Sanofi US is not a signatory to the underlying contract, (see Dkt. 1, NOR at 5-6), and because plaintiff "necessarily cannot state a claim for unjust enrichment as to Sanofi US[,]" as "courts in California do not recognize a stand-alone claim for unjust enrichment[.]"  (Id. at 6). However, plaintiff alleges a claim against Sanofi US for "Restitution for Unjust Enrichment," (see Dkt. 1-2. Exh. 1, Complaint at ¶¶ 73-81), and a claim for unjust enrichment as part of a claim of restitution based on quasi-contract can be a stand-alone claim apart from a contract claim.  See, e.g., Vicuna v. Alexia Foods, Inc., 2012 WL 1497507, *3 (N.D. Cal. 2012) (finding an independent cause of action on an unjust enrichment claim where it was intended to "be part of a claim of restitution based on quasi-contract"); see also Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015) ("When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'") (quoting Rutherford Holdings, LLC v. Plaza Del Ray, 223 Cal.App.4th 221, 231 (2014)); Jordan v. Wonderful Citrus Packing LLC, 2018 WL 4350080, *4 (E.D. Cal. 2018) ("Pursuant to Astiana, the Court construes the counterclaim as a quasi-contract claim seeking restitution, which is a recognized claim for relief in California."). Thus, plaintiff may assert a claim against Sanofi US for "Restitution for Unjust Enrichment" even if the contractual claims fail.  (See Dkt. 1-2. Exh. 1, Complaint at ¶¶ 73-81).

Sanofi US also asserts that plaintiff cannot state a UCL claim, (see Dkt. 1-2, Exh. 1, Complaint at ¶¶ 82-85), because it is "directly tethered to [the] breach of contract claim" and is "nothing more than an attempt to enforce [plaintiff's] contractual rights under" California's UCL. (See Dkt. 1, NOR at 7-8).  However, this presumes that plaintiff's UCL claim will solely be predicated on the alleged breach of contract.  Plaintiff may yet adequately state a UCL claim based on actions that go beyond the subject contract underlying the suit.  See, e.g., Nestle USA, Inc. v. Crest Foods, Inc., 2017 WL 3267665, *20 (C.D. Cal. 2017) (denying motion to dismiss on UCL claim "based on allegations that [went] beyond those established by the contracts" because it "state[d] a claim under the unfairness prong of the UCL").

Under the circumstances, Sanofi US has failed to meet its "heavy burden" of showing by clear and convincing evidence that plaintiff does not have colorable claims against Sanofi US. See Grancare, 889 F.3d at 548.  It is not enough to argue that plaintiff has failed to state a claim against Sanofi US.  In other words, even assuming all of plaintiff's claims against Sanofi US were deficiently pled, there exists the possibility that plaintiff could salvage one or more of its claims through amendment of the operative complaint.  Thus, the court is unable to conclude that Sanofi US is a sham defendant.  See, e.g., Chau-Barlow v. Provident Life & Accident Ins. Co., 2016 WL 5921061, *2 (C.D. Cal. 2016) ("In order for this Court to find that [certain defendants] are sham

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV 21-2171 FMO (Ex) | Date | **April 19, 2021** |
| Title | **Brink Biologics, Inc. v. Sanofi S.A., et al.** | | |

defendants, it would have to determine, in essence, that as a matter of law a state court would sustain a demurrer as to all causes of action without leave to amend."); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met the "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted); Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [an alleged sham defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [that sham defendant.]").

In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."), the court is not persuaded, under the circumstances here, that Sanofi US has met its heavy burden of establishing that it was fraudulently joined.  See Grancare, 889 F.3d at 548 ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." ) (internal quotation marks omitted); see also Hamilton Materials, Inc., 494 F.3d at 1206 ("Fraudulent joinder must be proven by clear and convincing evidence.").  Accordingly, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 N. Hill Street, Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2.  The Clerk shall send a certified copy of this Order to the state court.

3.  All pending motions and/or applications **(Document Nos. 18, 30, 34, 35, 38, 45)** are denied as moot or without prejudice subject to re-filing in the state court pursuant to the court's local rules.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |